UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

RENAISSANCERE HOLDINGS LTD.,

    Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/09

07 Civ. 865 (GEL)
ECF CASE

**DISTRIBUTION ORDER**

**WHEREAS** Plaintiff Securities and Exchange Commission ("Commission") has filed a Motion to Establish a Fair Fund and Distribute the Fair Fund to Injured Investors in Connection with a Distribution in a Private Class Action Pending in This District ("the Motion"); and

**WHEREAS** by prior order the Court established a Fair Fund pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002 consisting of all funds held in the Court Registry Investment System account established with respect to this action ("the CRIS Account") and established a notice and comment period with respect to the Motion and the Commission's proposed distribution; and

**WHEREAS** the Court has considered the Motion as well as any comments received and the Commission's response to them; and

**WHEREAS** the Court has determined it is appropriate to transfer the Fair Fund to the court-appointed claims administrator in In re RenaissanceRe Holdings Ltd. Securities Litigation, 05 Civ. 6764 (WHP) ("the RenRe Class Action") in the United States District Court for the Southern District of New York, for a pro rata distribution to the class members who will receive proceeds from the RenRe Class Action settlement fund.

**IT IS THEREFORE ORDERED** that the Commission's Motion is granted.

**IT IS FURTHER ORDERED** that the Fair Fund remain in the CRIS account and continue to accrue interest until the Commission files a Notice of Request for Distribution ("Distribution Notice"), addressed to the Clerk of the Court. Upon receipt of the Distribution Notice and without further order of the Court, the Clerk of the Court shall deduct from the CRIS Account an administrative fee from the income on the investment equal to ten per cent (10%) of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office ("Administrative Fee"). The Clerk of the Court shall then cause a check representing all amounts remaining in the CRIS Account – minus the Administrative Fee – to be drawn on the CRIS Account and shall follow the instructions set forth in the Commission's Distribution Notice for issuing and delivering the check to A.B. Data, Ltd., the claims administrator appointed by the court in the RenRe Class Action.

**IT IS FURTHER ORDERED** that the firm of Damasco & Associates, the Court-appointed tax administrator in this matter, continue to serve as the tax administrator of the Fair Fund and continue to perform the duties set forth in the Court's Order to Appoint Tax Administrator dated April 18, 2007, including calculating taxes owed by the Fair Fund and filing tax returns.

**IT IS FURTHER ORDERED** that the Fair Fund be deemed and considered to be in custodia legis of the Court and remain subject to the jurisdiction of the Court. A.B. Data may receive fees and expenses from the Fair Fund totaling $29,249 or less, upon provision by A.B. Data of invoices to the Commission, without further order or motion. Any fees or expenses claimed by A.B. Data above $29,249 shall be paid from the Fair Fund only pursuant to further

order of the Court upon a motion made by the Commission or A.B. Data. The Fair Fund – less any fees or expenses paid to A.B. Data or Damasco & Associates from the Fair Fund and less any taxes – shall be distributed pro rata to the class members who receive distributions from the RenRe Class Action settlement fund in accordance with any order for distribution entered in the RenRe Class Action. Each claimant who receives a distribution from the Fair Fund shall receive a separate check for the portion of the claimant's distribution paid from the Fair Fund ("Distribution Check"). A.B. Data shall mail each Distribution Check in an envelope separate from any envelope containing a distribution from the RenRe Class Action settlement fund. A.B. Data shall include with each Distribution Check a notice letter and shall obtain written approval from the Commission's counsel in this action for the text of such notice letter before mailing any such notice letter.

**IT IS FURTHER ORDERED** that, consistent with Section 21(d)(4) of the Securities Exchange Act of 1934, no part of the Fair Fund shall be distributed to the RenRe Class Action plaintiffs' counsel or as payment for any attorneys' fees or expenses incurred by any private parties seeking distribution from the Fair Fund.

**IT IS FURTHER ORDERED** that A.B. Data shall file and serve on the Commission's counsel of record a report on the Commission's Standardized Fund Accounting Report (attached hereto) providing an accounting of the Fair Fund no later than ninety days after A.B. Data receives the Fair Fund check from the Clerk of the Court and every ninety days thereafter until, at the appropriate time, A.B Data shall file and serve on the Commission's counsel of record a final report including a final accounting on the same form.

**IT IS FURTHER ORDERED** that in the event that any portion of the Fair Fund remains after all taxes and court-ordered fees and expenses have been paid from the Fair Fund

3

and the distribution is complete, A.B. Data, pursuant to further order of the court upon motion by the Commission, shall transfer the remaining portion of the Fair Fund to the Commission for deposit into the United States Treasury.

Dated: _June 24, 2009_

_____
UNITED STATES DISTRICT JUDGE